Bobby Saadian, Esq. SBN: 250377
Colin M. Jones, Esq. SBN: 265628
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel:  (213) 381-9988
Fax: (213) 381-9989

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOL LUNDIN; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AETNA INC.; AETNA HEALTH AND LIFE INSURANCE COMPANY; AETNA INSURANCE COMPANY OF CONNECTICUT; and AETNA HEALTH OF CALIFORNIA INC.,<br><br>Defendants. | CASE NO.: 4:18-cv-932<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. BREACH OF IMPLIED CONTRACT<br>2. BREACH OF CONTRACT<br>3. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING<br>4. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 UNFAIR BUSINESS PRACTICES;<br>5. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 FRAUDULENT/DECEPTIVE BUSINESS PRACTICES; |

Plaintiff, Nichol Lundin ("Plaintiff"), by and through her counsel of record, on behalf of themselves and all others similarly situated bring this Class Action Complaint against Aetna, Inc., Aetna Health and Life Insurance Company, Aetna Insurance Company of Connecticut, and Aetna Health of California Inc., collectively referenced as "Aetna" for ease of reading when the allegations implicate all entities) Plaintiffs alleges the following on information and belief, except as to those allegations specific to Plaintiffs, as follows:

///

///

///

1

CLASS ACTION COMPLAINT

# I. INTRODUCTION

1. Millions of individuals use Aetna as their health insurance. Individuals pay a premium in order to have Aetna as their insurance. This premium includes paying for medical review by a physician, and coverage of when applicable based on individuals' policy.

2. Aetna is required to provide coverage for treatments related to the terms of the health plan agreement which is entered with its customers. Despite Aetna's obligation to provide coverage of several medical services, Aetna has constantly denied claims for treatments based on a lack of medical necessity, which contradicts health records, and Aetna's policies.

3. As a result of Aetna's improper denials and lack of physicians reviewing patient's files and records, customers have suffered damages.

# II. THE PARTIES

4. Plaintiff Nichol Lundin is a California citizen residing in Sunol, Alameda County, California.

5. Plaintiffs bring this action on his own behalf and on behalf of all others similarly situated, namely all other individuals who have Aetna insurance now or had Aetna insurance in the past.

6. Defendant Aetna Health and Life Insurance Company is a Connecticut corporation with its principal place of business and headquarters at 151 Farmington Avenue in Hartford, Connecticut.

7. Defendant Aetna Insurance Company of Connecticut is a Connecticut corporation with its principal place of business and headquarters at 151 Farmington Avenue in Hartford, Connecticut.

8. Defendant Aetna Health of California Inc. is a California corporation with its principal place of business at 2850 Shadelands Drive in Walnut Creek, California.

9. Unless otherwise stated, all Defendants are collectively referred to herein as "Aetna" or "Defendants." Plaintiff is informed and alleges that at all relevant times Aetna shared common management, officers, owners, and directors, and that they carried out a joint

1  scheme, business plan, or policy, and that acts or omissions of each are attributable to the
2  other. Plaintiff is informed and alleges that at all relevant times Aetna did business in the state
3  of California. Plaintiff is informed and alleges that each and every of the acts and omissions
4  alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents
5  and/or employees, and/or under the direction and control of each of the other Defendants, and
6  that said acts and failures to act were within the course and scope of said agency, employment
7  and/or direction and control.

8  10. Whenever and wherever reference is made in this Complaint to any act by a
9  Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts
10 and failures to act of each Defendant acting individually, jointly, and severally.

## III.   JURISDICTION AND VENUE

12  11. This Court has subject matter jurisdiction over the state law claims asserted here
13  pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since some of the Class
14  Members are citizens of a State different from the Defendant and, upon the original filing of
15  this complaint, members of the putative Plaintiffs class resided in states around the country;
16  there are more than 100 putative class members; and the amount in controversy exceeds $5
17  million.

18  12. The Court also has personal jurisdiction over the Parties because Aetna
19  conducts a major part of their national operations with regular and continuous business activity
20  in California, with an advertising budget both not exceeded in other jurisdictions throughout
21  the United States.

22  13. Venue is appropriate because, among other things: (a) Plaintiffs are resident and
23  citizen of this District; (b) the Defendants had directed their activities at residents in this
24  District; (b) the acts and omissions that give rise to this Action took place, among others, in
25  this judicial district.

26  14. Venue is further appropriate pursuant to 28 U.S.C. § 1391 because Defendants
27  conduct a large amount of their business in this District, and Defendants have substantial

relationships in this District. Venue is also proper in this Court because a substantial part of the events and omissions giving rise to the harm of the Class Members occurred in this District.

## IV. SUBSTANTIVE ALLEGATIONS

### A. Aetna Provides Healthcare Related Services Nationwide

15. Originally founded in Hartford, Connecticut in 1853, Aetna is an American managed health care company that sells traditional, consumer directed health care and life insurance plans. Through its network of affiliates and subsidiaries throughout the United States, Aetna offers a range of insurance products including medical, pharmaceutical, dental, behavioral health, long-term care and disability plans. Aetna is a Fortune 100 company with over $60 billion in reported annual revenue.

16. Aetna's health insurance plans cover an estimated 23 million Americans, including the proposed class in this lawsuit. Aetna states that as a "health care leader, we believe that our corporate responsibility starts with helping people live healthier lives." Aetna's Chairman, CEO and President Mark Bertolini claims that Aetna's "values carry through our thoughts and actions every day, inspire innovation in our products and services, and drive our commitment to excellence in all we do." Aetna claims that its core value of "Caring" mandates that "[w]e listen and respect our customers and each other so we can act with insight, understanding and compassion."

### B. Aetna Improper Procedures

17. Former Medical Director for Aetna, Dr. Jay Ken Iinuma, admitted under oath that "he never looked at patients' records when deciding whether to approve or deny care." He further admitted to "following Aetna's training, in which nurses reviewed records and made recommendations to him."

18. Aetna failed to implement and maintain procedures and reasonable practices to ensure that the appropriate coverage is reviewed and applied, and as to the scope of coverage that a patient should receive. In addition, portion of the price for Aetna coverage is supposed to be specifically so that a medical physician reviews their records and files, so that appropriate coverage resolution can be sought. Class representatives and class members have suffered

damages based on a misrepresentation as to what Aetna purports to do, damages on the purported value of their insurance policy, and damages as to the coverage they have a right to expect.

C.  *Plaintiffs and Class Members Suffered Damages*

19. Aetna's defective procedure was a direct and proximate result of its failure to properly review patient files by a physician and given appropriate coverage to Plaintiff and Class Members', as required by various state and federal regulations, industry practices, and the common law. A physician reviewing the patient's medical files is required to ensure the coverage is appropriate.

20. Plaintiff and class members' pay a premium for insuring with Aetna, part of the value of having Aetna is intended to be that Plaintiff and class members' medical records is properly reviewed by a physician in order to make a determination for Plaintiff and Class Members' coverage. When their medical records are not properly reviewed by a physician, part of the value that Plaintiff and class members insurance is deprived.

21. Plaintiff and class members have made overpayments to Aetna for failing to properly review their medical records by a physician, which resulted in Plaintiff and class members to not receiving what they paid for and were overcharged by Aetna.

22. Plaintiff and class members were deprived of rights they possess under the Unfair Competition laws.

### V.   CLASS ACTION ALLEGATIONS

23. Plaintiffs brings this action on their own behalf and pursuant to the Federal Rules of Civil Procedure Rule 23(a), (b)(2), (b)(3), and (c)(4), Plaintiffs seeks certification of a Nationwide class and a California class. The nationwide class is initially defined as follows:

> All persons residing in the United States who are insured with Aetna (the "Nationwide Class").

The California class is initially defined as follows:

> All persons residing in California who are insured with Aetna (the "California Class").

24. Excluded from each of the above Classes are Aetna, including any entity in which

Aetna has a controlling interest, is a parent or subsidiary, or which is controlled by Aetna, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Aetna. Also excluded are the judges and court personnel in this case and any members of their immediate families. Plaintiffs reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

25. *Numerosity*. Fed. R. Civ. P. 23(a)(1). The members of the Classes are so numerous that the joinder of all members is impractical. While the exact number of Class Members is unknown to Plaintiffs at this time, it is in clear excess of 40 individuals. The disposition of the claims of Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable from information and records in Aetna's possession, custody, or control.

26. *Commonality*. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

    a. Whether Aetna owed a duty of care to Plaintiffs and Class Members with respect to their review of medical records and coverage;

    b. Whether Aetna violated California's Unfair Competition Law by failing to implement proper medical review procedures and practices;

    c. Whether Aetna violated common and statutory law by improperly denying coverage to patients;

    d. Which procedures should Aetna be required to implement as part of any injunctive relief ordered by the Court;

    f. Whether Aetna has an implied contractual obligation to use reasonable medical review and coverage measures;

    g. Whether Aetna has complied with any implied or express contractual obligation to use reasonable medical review measures;

     h.     Whether Aetna acts and omissions described herein give rise to a claim of negligence;

     i.     What medical review procedures, if any, must be implemented by Aetna to comply with its implied or express contractual obligations;

     k.     What the nature of the relief should be, including equitable relief, to which Plaintiffs and the Class Members are entitled; and

     m.     Whether Plaintiffs and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

27. *Typicality*. Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of those of other Class Members because Plaintiffs' insurance, like that of every other Class Member, was deprived or inadequate like other Aetna insurance holders.

28. *Adequacy of Representation*. Fed. R. Civ. P. 23(a)(4). Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs are experienced in litigation of class actions, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs' claims are typical of the claims of other members of the Class and Plaintiffs has the same non-conflicting interests as the other Members of the Class. The interests of the Class will be fairly and adequately represented by Plaintiffs and their counsel.

29. *Superiority of Class Action*. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Classes is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

30. Damages for any individual class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Aetna's violations of law inflicting substantial damages in the aggregate would go un-remedied.

31. Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Aetna has acted or has refused to act on grounds generally applicable to the Classes, so

that final injunctive relief or corresponding declaratory relief is appropriate as to the Classes as a whole.

## COUNT I

### Breach of Implied Contract

(On Behalf of Plaintiffs and the Nationwide and California Classes)

32. Plaintiffs incorporate the substantive allegations contained in each and every paragraph of this Complaint.

33. Aetna marketed and solicited and invited Plaintiffs and the members of the Class to have insurance with their company. Plaintiffs and Class Members accepted Aetna's offers and insured with Aetna.

34. When Plaintiffs and Class Members insured through Aetna, they paid monies so that they could receive the best medical insurance. In so doing, Plaintiffs and Class Members entered into implied contracts with Aetna to which Aetna agreed to properly review their medical records and give coverage when appropriate after a careful review by a medical physician.

35. Plaintiffs and Class Members would not have purchased Aetna's insurance in the absence of the implied contract between them and Aetna.

36. Plaintiffs and Class Members fully performed their obligations under the implied contracts with Aetna.

37. Aetna breached the implied contracts it made with Plaintiffs and Class Members by failing to properly review medical records to ascertain proper coverage of Plaintiffs and Class Members.

38. As a direct and proximate result of Aetna's breaches of the implied contracts between Aetna and Plaintiffs and Class Members, Plaintiffs and Class Members sustained actual losses and damages as described in detail above.

## COUNT II

### Breach of Contract

(On Behalf of Plaintiffs and the Nationwide and California Classes)

39. Plaintiffs repeats and fully incorporates the allegations contained in each and

every paragraph of this Complaint.

40. In exchange for Plaintiff and class members' payment of premiums, Aetna issued a health care policy, the material terms of which include, without limitation, that Plaintiff and class members to have timely access to and coverage for medically necessary treatment. Plaintiff and class members comply with all of those obligations under the contract yet Aetna breached their contractual duties owed to Plaintiff and class members, by failing to provide Plaintiff and class members with timely access to and coverage for medically necessary treatment.

41. As a direct and proximate result of defendants' conduct and breach of its contractual obligations, Plaintiff and class members have suffered damages under the Policy in an amount to be determined according to proof at the time of trial.

## COUNT III

### Breach of the Duty of Good Faith and Fair Dealing

(On Behalf of Plaintiffs and the Nationwide and California Classes)

42. Plaintiffs repeats and fully incorporates the allegations contained in each and every paragraph of this Complaint.

43. In exchange for Plaintiff and class members payments of premiums, Aetna issued a health care policy, the material terms of which include, without limitation, that Plaintiff and class members were to have timely access to and coverage for medically necessary treatment.

44. Notwithstanding Aetna's legal and contractual obligations, Aetna repeatedly and consistently refused to provide benefits for Plaintiff and class members, as outlined in the foregoing paragraphs.

45. Therefore, by refusing to provide Gillen with timely benefits, defendants not only breached the contract, but also acted unreasonably and subjected themselves to bad faith liability.

46. As a consequence of defendants' unreasonable and wrongful refusal to pay for Plaintiff and class members' treatment, Plaintiff and class members have suffered physical injuries as well as unnecessary emotional distress.

47. Additionally, plaintiff and class members are forced to incur out of pocket costs, despite their payment of premiums on the policy and their fulfillment of all contractual obligations.

48. Aetna breached their duty of good faith and fair dealing owed to Plaintiff and class members by failing to provide Plaintiff and class members with timely access to medically necessary care and treatment. In addition, Aetna, and each of them, breached their duty of good faith and fair dealing under the Plan as follows:

    i. Unreasonably denying benefits under the Plan;

    ii. Unreasonable review of medical records;

    iii. Unreasonably refusing to cover medically necessary services;

    iv. Unreasonably engaging in a pattern and practice of delaying and denying coverage for members;

    v. Unreasonably failing to adequately investigate the request for benefits;

    vi. Unreasonably making treatment decisions based on financial concerns;

    vii. Unreasonably using utilization guidelines that are unreasonably stringent and stop members from receiving medically necessary care; and

    viii. Unreasonably failing and refusing to give at least as much consideration to Plaintiff and class members' interests as they gave to their own interests.

49. As a proximate result of the aforementioned unreasonable and bad faith conduct of defendants, Plaintiff and class members have suffered, and will continue to suffer in the future, damages under the plan contract, plus interest, and other economic and consequential damages, for a total amount to be shown at the time of trial.

## COUNT IV

**Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200**

**Unlawful Business Practices and Unfair Competition**

(On Behalf of the California Class)

50. Plaintiffs repeats and fully incorporates the allegations contained in each and

every allegation of this Complaint.

51. Aetna has violated Cal. Bus. and Prof. Code §17200 et seq. by engaging in unlawful, unfair or fraudulent business acts and practices and unfair, deceptive, untrue or misleading advertising that constitute acts of "unfair competition" as defined in Cal. Bus. Prof. Code §17200. Aetna engaged in unlawful acts and practices with respect to its services by establishing the sub-standard medical review practices, failure to timely provide coverage and procedures described herein; by portraying that Plaintiffs' and class members' coverage would be adequate, with proper review, and without unreasonable delay or denial.

52. Plaintiff and class members of the Classes seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq.*, including, but not limited to, restitution to Plaintiffs and Class Members of money or property that Aetna may have acquired by means of its unlawful, and unfair business practices, restitutionary disgorgement of all profits accruing to Aetna because of its unlawful and unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

## COUNT V

**Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200**

**Fraudulent/Deceptive Business Practices**

(On Behalf of the California Class)

53. Plaintiffs repeats and fully incorporates the allegations contained in each and every allegation of this Complaint.

54. Aetna engaged in fraudulent and deceptive acts and practices by representing and advertising that it would properly provide benefits, and medical review of applicable coverage to Plaintiff and class members; and representing and advertising that it did and would comply with the requirements of their own contract, and not to unreasonably deny benefits to Plaintiff and class members or deny without a proper physician reviewing medical records. These representations were likely to deceive members of the public, including Plaintiff and class members, into believing their insurance plan was going to be properly, when it was not, reviewed and covered.

55. Aetna engaged in fraudulent and deceptive acts and practices by omitting, suppressing, and concealing the material fact of the inadequacy of their medical coverage practice for Plaintiff and class members. At the time that Class Members were shopping for insurance, Aetna failed to disclose to class members that its medical coverage practices did not encompass an actual physician reviewing their medical records, and improperly denied coverage when applicable due to poor reviewing practices. Plaintiff and class members would not have insured with Aetna if they had known about its substandard reviewing and coverage practices. These representations were likely to deceive members of the public, including Plaintiff and the class members, into believing their medical records and coverage would be properly reviewed and applicable when due, when it was not.

56. As a direct and proximate result of Aetna's deceptive practices and acts, Plaintiff and the class members were injured and lost money or property, including but not limited to the loss of the value they bargained for in their payments to have Aetna insurance, and additional losses described above.

57. Aetna knew or should have known that its procedures were inadequate to properly review Plaintiff and class members' medical necessity. Aetna's actions in engaging in the above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Class Members.

58. Class Members seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq.*, including, but not limited to, restitution to Plaintiffs and Class Members of money or property that Aetna may have acquired by means of its fraudulent and deceptive business practices, restitutionary disgorgement of all profits accruing to Aetna because of its fraudulent and deceptive business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5), and injunctive or other equitable relief.

59. Because Aetna was guilty of oppression, fraud or malice, in that it failed to act with a willful and conscious disregard of Plaintiffs' and Class Members' rights, Plaintiff and class members also seek punitive damages, individually and on behalf of the Class.

///

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all Class Members proposed in this Complaint, respectfully requests that the Court enter judgment in her favor and against Aetna as follows:

A. For an Order certifying the Nationwide Class and California Class as defined here, and appointing Plaintiffs and her Counsel to represent the Nationwide Class and the California Class;

B. For equitable relief enjoining Aetna from engaging in the wrongful conduct complained of here pertaining to the improper review of coverage of Plaintiffs' and Class Members;

C. For equitable relief compelling Aetna to utilize appropriate methods and policies with respect to medical coverage review, and physician approval with specificity to Class Members' coverage.

D. For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Aetna's wrongful conduct;

E. For an award of actual damages and compensatory damages, in an amount to be determined;

F. For an award of costs of suit and attorneys' fees, as allowable by law; and

G. Such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Based on the foregoing, Plaintiff, on behalf of herself, and all others similarly situated, hereby demand a jury trial for all claims so triable.

Dated: February 13, 2018                                   Respectfully Submitted,

/s/   *Colin Jones, Esq.*
_____
Colin Jones, Esq. SBN: 265628
Attorneys for Plaintiff